UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY BERKAN, Individually and as the Executrix

                Plaintiff,

                                                        DECISION AND ORDER

                                                        06-CV-6150L

                v.

PENSKE TRUCK LEASING CANADA, INC., et al.,

                Defendants.
_____

HELEN PETROLAWICZ, Administrator of the Estate of
Vincent John Petrolawicz, Jr., a/k/a Vincent J. Petrolawicz, Jr.,


                Plaintiff,

                v.                                                        06-CV-6151L

P &W  INTERMODAL, INC., et al.,

                Defendants.
_____

ROBERT SCHMIDT,

                Plaintiff,

                v.                                                        06-CV-6152L

P&W INTERMODAL, INC., et al.,

                Defendants.
_____

On February 19, 2008, this Court issued a Decision and Order in these personal injury and wrongful death matters, granting summary judgment dismissing all pending claims against defendant Penske Truck Leasing Canada, Inc., and granting summary judgment to plaintiffs Helen Petrolawicz and Robert Schmidt against the remaining defendants on the issue of negligence (Berkan Dkt. #99, Petrolawicz Dkt. #84, Schmidt Dkt. #66). Defendants P & W Intermodal, Inc., Transforce, Inc., Transforce Income Fund, and Transport N.J.N., Inc., d/b/a Transpel ("defendants') now move for an order pursuant to 28 U.S.C. §1292(b), certifying the February 19, 2008 Decision and Order for interlocutory appeal.

I find that certification of an interlocutory appeal is not warranted. Section 1292(b) provides that a district judge may certify an order not otherwise appealable for interlocutory appeal. 28 U.S.C. §1292(b). The issue certified must involve a controlling question of law as to which there is a substantial ground for difference of opinion. Additionally, an immediate appeal from the order must materially advance the ultimate termination of the litigation. *Id*.

"Routine resort to 28 U.S.C. § 1292(b) is disfavored as interlocutory review is designed for 'exceptional cases.'" *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347, 350 (W.D.N.Y. 2006), *quoting John and Vincent Arduini Inc. v. NYNEX*, 129 F.Supp.2d 162, 175 (N.D.N.Y. 2001). "Given the Congressional policy disfavoring piecemeal appeals, provisions such as § 1292 authorizing appeals from interlocutory orders [should] be strictly limited to the unusual situations wherein such appeals are expressly authorized." *Mendez*, 411 F. Supp. 2d 347 at 350, *quoting In re Fugazy Exp., Inc.*, 982 F.2d 769, 777 (2d Cir. 1992)(additional internal quotations omitted).

Upon review, I find no basis for certification of an interlocutory appeal of the Court's February 19, 2008 Decision and Order, as this is not an exceptional or unusual case and does not involve a question of law as to which there is substantial ground for a difference of opinion. Defendants' motion for certification (Berkan Dkt. #106, Petrolawicz Dkt. #88, Schmidt Dkt. #70) is therefore denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 24, 2008.